UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
CASE No.: 15-cv-60257-JIC

WILLIAM AGUIRRE,

      Plaintiff,

vs.

AMERICAN PIE PIZZERIA, INC., and
BARNEY WEINKLE, individually,

      Defendants.
_____/

**MOTION FOR APPROVAL OF FLSA SETTLEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, WILLIAM AGUIRRE ("Plaintiff"), and Defendants, AMERICAN PIE PIZZERIA, INC. and BARNEY WEINKLE, individually ("Defendants") (collectively "the Parties"), reached a resolution of this case which is currently pending before this Court and that alleged violations of the Fair Labor Standards Act ("FLSA"). Plaintiff requests that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement between the Parties is attached as **Exhibit "A."**

      **I.**      **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under FLSA can be settled and released by employees. First 29 USC § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the

context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S.Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release each of the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against Defendants, which was adversarial in nature.

The instant action involves disputed issues regarding the Plaintiff's alleged unpaid wages and damages. The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed the Plaintiff's alleged unpaid wages and pay rate, the applicability of defenses in light of Defendants' good faith pre-suit actions, calculation of damages, and whether Plaintiff actually worked overtime, and formulated

their own proposed settlement figures. The Parties then engaged in detailed settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations.

**II.     Terms of Settlement**

This case involved Plaintiff's allegations of and a claim for unpaid overtime hours against Defendants. The Parties had several in-depth discussions on damages and exchanged detailed information concerning the Plaintiff's status. Shortly after filing and serving the Complaint in the instant matter, the undersigned counsel engaged in negotiations with the Counsel for Defendants. The Plaintiff served discovery upon Defendants and Defendants sought an extension on discovery and Plaintiff opposed the extent of extension sought. Defendant ultimately sent responsive documents, Answers to Interrogatories, and Responses to Request for Admissions. Plaintiff conducted the deposition of the individual Defendant and corporate representative Barney Weinkle and conducted extensive settlement negotiations during a break in the deposition and the Parties were then able to resolve the matter in its entirety. Given the Parties' respective positions on the issue of whether Plaintiff actually worked overtime, the Parties agree that they would incur great expense litigating this issue. The settlement is in compromise of disputes and is not an admission of the truth or correctness of any of Plaintiff's claims, but rather for economic reasons and to terminate further controversy respecting all claims for damages or losses. Given the amount claimed, and the possibility of the Plaintiff recovering nothing additional to what was previously offered by the Defendant, the Parties agree that $2,000.00 to Plaintiff and $2,500.00 for attorneys' fees and costs is a fair compromise. As a result, the settlement agreed upon in this matter – total payment of $4,500.00 as full and final

settlement of all wage claims, inclusive of attorneys' fees and costs – is fair and equitable under the teachings of *Lynn's Food Stores*.

The $2,500.00 in attorneys' fees and costs (representing fees of $1,595.00 and costs of $905.00)[1] will be paid to Plaintiff's counsel directly by the Defendants. The attorneys' fees and costs have been negotiated and will be paid separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorneys' fees and costs is fair and reasonable, and that he accepts this in full satisfaction of the attorneys' fees and costs incurred on the Plaintiff's behalf. There was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The Parties negotiated and settled Plaintiff's recovery and attorneys' fees independently and in *seriatim* with this Court's prior ruling in *Bonetti v. Embarq Mgmt. Co.*, 2009 U.S. Dist. Lexis 68075 (M.D. Fla. Aug. 4, 2009).

### III. Conclusion

The Plaintiff respectfully requests that this Court approve the settlement between the Parties, and dismiss the instant action with prejudice.

RESPECTFULLY SUBMITTED, this __9th____ day of June, 2015.

---

[1] Plaintiff's attorneys have spent $905.00 in costs, representing filing fees, service of process costs, and court reporter's fees.

## CERTIFICATION OF GOOD FAITH CONFERRAL PER LOCAL RULE 7.1(a)(3)

The undersigned attorneys certify that they have made a good faith effort to resolve the instant issue through reasonable efforts, but have been unable to confer about this motion's content. Notably, Counsel for the Plaintiff has previously emailed a proposed "joint" version of this motion to Defense Counsel, Paul Silverberg, on May 29, 2015, at 10:31 a.m. Follow up emails were sent on June 1, 2015, and June 2, 2015. On June 2, 2015, Counsel for the Defendant asked that the proposed Joint Motion be resent. On June 2, 2015, less than an hour after Defense Counsel's request, the proposed Joint Motion was sent a second time to Counsel for the Defendant. On June 3, 2015, at 3:28, the undersigned followed up with Defense Counsel. No reply was received between then and now. On June 5, 2015, at 1:00 p.m. the undersigned counsel left a detailed message with Counsel for the Defendants' staff. There has been no return phone call or reply to the emailing regarding the proposed Motion.

/s/ Peter N. Andresky
**Peter N. Andresky, Esquire**
Fla. Bar No.: 0422721
E-Mail: pandresky@andreskylawfirm.com
THE ANDRESKY LAW FIRM, P.A.
9121 N. Lake Park Cir.
Davie, Florida 33328
Telephone: (954) 348-1988
Facsimile: (954) 342-1988
*Counsel for Plaintiff*


s/R. Martin Saenz, Esquire
**R. Martin Saenz, Esquire**
msaenz@saenzanderson.com
Saenz & Anderson, PLLC
20900 NE 30th Ave., Suite 800
Aventura, FL 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*