UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: CASE NO. 15-cv-60257-JIC

WILLIAM AGUIRRE,    )
                    )
          Plaintiff(s),    )
                    )
v.                  )
                    )
AMERICAN PIE PIZZERIA INC. (*et al.*),    )
                    )
          Defendant(s).    )
                    )
                    )
                    )
                    )
_____    )

**PLAINTIFF' MOTION FOR AN ENTRY OF
JUDGMENT AND FOR AN AWARD OF ATTORNEY'S FEES,
OR IN THE ALTERNATIVE FOR AN ORDER COMPELLING
THE DEFENDANTS TO COMPLY WITH THE TERMS OF THE
<u>SETTLEMENT AGREEMENT ENTERED INTO BY THE PARTIES</u>**

The Plaintiff, WILLIAM AGUIRRE, (hereinafter referred to as "Plaintiff"), moves this Court for an Entry of Judgment in his favor and for an award of attorney's fees, or in the alternative, the entry of an Order directing the Defendants, AMERICAN PIE PIZZERIA INC. and BARNEY WEINKLE (the "Defendants"), to comply with the settlement agreement reached by the parties. In support, the Plaintiff states:

1.  The Plaintiff and the Defendants, settled the above styled action and this Court approved their Fair Labor Standards Act (the "FLSA") settlement (D.E. # 28).

2.  Per the terms of their settlement agreement, the Defendants agreed to pay Plaintiff the sum of $4,500 in installments, with a first payment due on June 20, 2015 (D.E. # 27-1).

3.  The Defendants have breached the terms of the settlement agreement because they have failed to make any payment whatsoever as to this date.

4. The Court has the inherent power to enforce the terms of a settlement agreement, generally applying principles of contract law. *Garcia v. Rambo Sec. Patrol, Inc.*, 2010 U.S. Dist. LEXIS 24960, 7 (S.D. Fla. Mar. 3, 2010). However, a Court has the authority to "enforce the agreement through a final judgment in Plaintiff's favor for the monies due and owing that have not been paid to date. The entry of a money judgment is the appropriate manner, absent a specific remedy agreed upon by the parties, to enforce a settlement agreement requiring the payment of money. The power of a trial court to enter such a judgment has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Garcia v. Rambo Sec. Patrol, Inc.*, 2010 U.S. Dist. LEXIS 24960, 7 (S.D. Fla. Mar. 3, 2010). *See also*, *Massachusetts Casualty Ins. Co. v. Forman,* 469 F.2d 259, 261 (5th Cir. 1972) *D. H. Overmyer Co. v. Loflin,* 440 F.2d 1213, 1215 (5th Cir. 1971). Such a judgment is authorized under the trial court's "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Garcia v. Rambo Sec. Patrol, Inc.*, 2010 U.S. Dist. LEXIS 24960, 7-8 (S.D. Fla. Mar. 3, 2010); *Cia Anon Venezolana De Navegacion v. Harris,* 374 F.2d at 36. *See also Massachusetts Casualty v. Forman,* 469 F.2d at 260.

5. Plaintiff has, on multiple occasions, reminded the Defendants and their lawyer of their obligation to pay pursuant to the settlement agreement approved by the Court, to no avail. As such, the Plaintiff has no remedy other than to file the instant motion and request relief from the Court.

6. Plaintiff has retained the service of Saenz & Anderson, PLLC to pursue entry of judgment against the Defendants or to enforce the Settlement Agreement. The Plaintiff is obligated to pay a reasonable fee for these services.

7. Plaintiff is entitled to attorney's fees for the filing of this motion pursuant to the FLSA.

8. The FLSA explicitly provides that a court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Powell v. Carey International, Inc.,* 547 F.Supp.2d 1281, 1284 (2008). Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases. *See Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir.1985); *Shelton v. Ervin,* 830 F.2d 182, 184 (11th Cir.1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases"). Further, the Supreme Court has held that a party is a "prevailing party" for purposes of an attorney's fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791 (1989). Moreover, it is well settled that a court's "approval of a settlement ... is a judicially sanctioned change in the legal relationship of the parties." *Goss v. Killian Oaks House of Learning,* 248 F.Supp.2d 1162, 1167 (S.D.Fla.2003) (*citing American Disability Assoc. v. Chmielarz,* 289 F.3d 1315, 1320 (11th Cir.2002)).

9. Accordingly, because the Plaintiff settled the instant case with Defendants and because the Plaintiff should be considered the prevailing party in this action, the Plaintiff is entitled to reasonable attorney's fees for the preparing and filing of the instant motion.

**CERTIFICATE OF GOOD FAITH EFFORT TO RESOLVE ISSUES**
**(Local Rule 7.1(A)(3))**

**I HEREBY CERTIFY** that I have attempted to confer with Mr. Paul K. Silverberg, Esq., attorney for defendants, regarding the relief sought in this motion. In conferring, Mr. Silverberg, after ignoring the undersigned's inquiries, replied that he "never" saw the order approving the

settlement agreement. Mr. Silverberg then stated that the check was written and in the mail. However, to date, no check or any other payment has been received by mail or otherwise, even though the defendants conduct business within 2 minutes from the undersigned's office.

## CONCLUSION

**WHEREFORE**, the Plaintiff, WILLIAM AGUIRRE, moves this Court for a judgment in the amount of $6,500.00 (*see* D.E. # 27-1 at ¶ 2.4), plus additional attorney's fees in the amount of $600.00 and interest with retention of jurisdiction for post-judgment proceedings. In the alternative, the Plaintiff respectfully would request that the Court direct the Defendants, AMERICAN PIE PIZZERIA INC. and BARNEY WEINKLE, to immediately pay Plaintiff per the terms of the settlement agreement entered into by the parties, and for any other relief the Court may deem necessary and just.

Respectfully submitted,

**s/R. Martin Saenz**
R. Martin Saenz (FBN: 0640166)
E-mail:msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida  33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **R. Martin Saenz**

### SERVICE LIST

**WILLIAM AGUIRRE v. AMERICAN PIE PIZZERIA INC.**
Case No.CASE NO. 15-cv-60257-JIC
**United States District Court, SOUTHERN District of Florida**

| | |
|---|---|
| R. Martin Saenz | Paul K. Silverberg, Esq. |
| E-Mail:msaenz@saenzanderson.com | E-Mail: Notices@pkslegal.com |
| SAENZ & ANDERSON, PLLC | SILVERBERG & WEISS, P.A. |
| 20900 N.E. 30th Avenue, Suite 800 | 1290 Weston Road, Suite 218 |
| Aventura, Florida  33180 | Florida 33326 |
| Telephone: (305) 503-5131 | Telephone: (954) 384-0998 |
| Facsimile: (888) 270-5549 | Facsimile: (954) 384-5390 |
| *Counsel for Plaintiff(s)* | *Attorney for Defendant(s)* |